# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNY MUESES, | ) | |
|     Plaintiff, | ) | Civil Action No. 15-225ERIE |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | |
| CINDY HAYS, et al, | ) | Magistrate Judge Baxter |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for temporary restraining order/preliminary injunction [ECF No. 2] be denied.

### A. Relevant Procedural History

Plaintiff, acting pro se[1], has filed a motion seeking a temporary restraining order or preliminary injunction. ECF No. 2.

---

[1] *Pro se* pleadings, however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

1

Named as Defendants to this action are: Cindy Hays, HFC Staff Coordinator; Kevin Dittman, HFC Staff Coordinator; Derek Oberlander, Deputy Superintendent for Centralized Services; Erin Ireland, CCMP, and Michael Overmyer, Superintendent of SCI-Forest.

In his complaint and motion for injunctive relief, Plaintiff explains that he is the President of the inmate organization "Hope for Change" at SCI-Forest and that Defendant Hays is the assigned Staff Coordinator for that organization. Plaintiff claims that since Hays' assignment as coordinator, the organization has not functioned: it has not engaged in its normal fund-raising activities; it has not been able to draw funds from its savings account at Northwest Savings Bank; it has not held membership meetings; and, all of its previously approved organization events and activities have been delayed or canceled. Plaintiff claims that his First, Fourth, Fifth and Fourteenth Amendment rights are being violated.

As preliminary relief, Plaintiff seeks the following:

(a) A preliminary injunction enjoining Defendants and each of its employees, officers, agents, contract personnel and/or such other person or persons acting in concert with said Defendant from:

  i. Further obstructing the organization's engagement in previously approved fundraising activities and events without prior court approval;

  ii. Preventing the organization from drawing funds from its account with Northwest Saving Bank, (and/or any other account in which the organization's funds may be held), for the purpose of purchasing supplies, items and/or goods which are necessary to carry out is previously approved day-to-day Executive Board, Committee, and/or General Membership operations, activities and/or events;

  iii. Prevent the Defendants from retaliating against Plaintiff, Organization's Executive Board member and/or Committee members.

2

> (b) order Defendant Hays to pay damages to the Organization in the amount in excess of $7000 for all monies which would have otherwise been generated by the Organization but for Defendant Hays' action or inactions ...

ECF No. 2.

Before this case was served upon Defendants, this Court held an evidentiary hearing on this matter on September 25, 2015. At the hearing, testimony was taken from witnesses including Plaintiff Jeffrey Marten and Defendant Cindy Hays.

During his hearing, Defendants informed the Court that the Department of Corrections is in the process of drafting a new policy for all inmate organizations across the Department of Corrections in order that these organization and their fundraising activities will become compliant with federal tax regulations. Due to delays in the drafting of the new policy, the activities of inmate organizations have been temporarily curtailed. The Court requested that Plaintiff reconsider his lawsuit in light of this information. Thereafter, Plaintiff paid the full filing and administrative fees and this Court ordered service of the complaint.

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the

3

merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v. Casey, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Neo Gen Screening, 69 Fed.App'x at 554.

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statue. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

The statute further instructs that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

### C. Plaintiff's Request for Injunctive Relief

There is no likelihood of success on the merits in this case as Plaintiff has no constitutional right to his activities within the organization. Furthermore, as explained at the evidentiary hearing on this motion, Plaintiff has not suffered any irreparable harm. This Court is loath to interfere with the daily management decisions of prison administrators as the federal courts are not over-seers of the day-to-day operations of prisons. See Wolfe v. McDonnell, 418 U.S. 539, 566 (1974) (prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking.").

Moreover, at least a portion of Plaintiff's application for injunctive relief is speculative since it relies on hypothetical future retaliation. Hence, the application is facially unripe and will be dismissed. See Dawson v. Frias, 2010 WL 1379894, at *3 (D.N.J. March 30, 2010) ("speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim); Patterson v. Lilley, 2003 WL 21507345 (S.D.N.Y June 20, 2003) (defendants could only be held deliberately indifferent to an existing condition, not a speculative future injury).

Finally, granting this injunctive relief would effectively have the federal courts making ad hoc, and individual, decisions concerning the treatment of a single inmate organization, and could harm both the Defendants and the public's interest. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and … whether granting the preliminary relief will be in the public interest," Gerardo v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994), also weigh heavily against Plaintiff in this case.

## III.  CONCLUSION

It is respectfully recommended that Plaintiff's motion for temporary restraining order/preliminary injunction [ECF No. 2] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 5, 2016