# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## AT ERIE

| | |
|---|---|
| KENNY MUESES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 15-225 |
| | ) |
| v. | ) |
| | ) ORDER |
| | ) |
| CINDY HAYS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER

### I. INTRODUCTION AND PROCEDURAL HISTORY

This case concerns the alleged curtailment of the fundraising activities of "Hope for Change," an inmate organization at SCI-Forest. Plaintiff Kenny Mueses is the President of the organization. On September 15, 2015, Plaintiff filed a Motion for Preliminary Injunction or for a Temporary Restraining Order, Dkt. No. 2, seeking to enjoin Defendants from: (1) preventing Hope for Change from engaging in fundraising activities; (2) drawing funds from its account with Northwest Savings Bank; and (3) retaliating against Plaintiff or the organization's other members. Plaintiff also sought "in excess of $7,000" in money damages for funds "which would otherwise have been generated by" Hope for Change.

On January 5, 2016, Magistrate Judge Susan Paradise Baxter issued a Report and Recommendation, Dkt. No. 14, that Plaintiff's motion be denied. Plaintiff timely filed Objections, Dkt. No. 17, on February 1, 2016.

## II. STANDARD

When a party files objections to the Report and Recommendation of a Magistrate Judge, the district court reviews *de novo* those portions of the Report and Recommendation to which objections have been specifically made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The district court may accept, reject, or modify the Report and Recommendation with or without objections having been filed. 28 U.S.C. § 636(b)(1).

As noted in the Report and Recommendation, preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) (citing *Nutrition 21 v. United States*, 930 F.3d 867, 869 (Fed. Cir. 1991)); *see also Hoxworth v. Blinder, Robinson & Co., Inc.,* 903 F.2d 186, 189 (3d Cir. 1990). In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) [that] he or she will suffer irreparable harm if the injunction is denied; 3) [that] granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)). *See also* Fed. R. Civ. P. 65. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, both a likelihood of success on the merits and that they likely face irreparable harm in the absence of the injunction. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000); *Hohe v. Casey*, 686 F.2d 69, 72 (3d Cir. 1989).

Added to the drastic nature of injunctive relief is 18 U.S.C. § 3626's requirement that the courts act with particular discretion with respect to preliminary injunctions touching on the criminal justice and corrections system. In addition, where the requested preliminary injunction "is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980) (citing *United States v. Spectro Foods Corp.*, 544 F.2d 1175, 1181 (3d Cir. 1976)).

### III. ANALYSIS

Here, the Report and Recommendation found that the four factors necessary for a preliminary injunction or temporary restraining order were all in Defendants' favor and weighed against Plaintiff. While Plaintiff objects generally to the Report and Recommendation, the Court, upon *de novo* review, finds that the Magistrate Judge's factual findings, based upon a hearing held by the Magistrate Judge on September 25, 2015, are supported by the record.

With respect to Plaintiff's legal objections concerning the necessity for a preliminary injunction or temporary restraining order, the Court will focus on Plaintiff's argument that he and his organization face irreparable harm. In his objections Plaintiff contends that Defendants' temporary restraint on Hope for Change's ability to conduct fundraising activities constitutes irreparable harm because the violation of a person's First Amendment rights "for even minimal periods of time unquestionably constitutes irreparable injury." *Swartwelder v. McNeilly*, 297 F.3d 228, 241 (3d Cir. 2002) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Plaintiff further contends that money damages in this case are insufficient because in many First Amendment cases "the quantification of injury is difficult and damages are therefore not an adequate remedy." *Stilp v. Contino*, 743 F. Supp. 2d 460, 470 (M.D. Pa. 2010) (quoting *Flower Cab Co. v. Petitte*, 685 F.2d 192, 195 (7th Cir. 1982)).

Here, however, quantification of damages is *not* difficult; in fact, Plaintiff seeks a specific amount of money damages as a remedy for the money that Hope for Change would have raised absent Defendants' actions: approximately $7,000. *See* Mot. for Prelim. Inj., Dkt. No. 2 at 5. Even if this specific amount were to increase over this case's lifetime, "[t]he availability of adequate monetary damages belies a claim of irreparable injury." *Bennington Foods LLC v. St. Croix Renaissance Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008) (quoting *Frank's GMC Truck Center, Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1989)). As such, the courts "have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law." *Bennington Foods*, 528 F.3d at 179 (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1145 (3d Cir. 1982)). The ability to easily quantify Plaintiff's damages strongly weighs against a finding of irreparable injury. Accordingly, Plaintiff has failed to establish why Defendants' temporary prohibition on the fundraising activities of Hope for Change constitutes harm that is irreparable, as opposed to a temporary deprivation curable by money damages.

Because Plaintiff has failed to meet his heavy burden of establishing irreparable harm in the absence of a preliminary injunction, the Court finds that the "extraordinary remedy" of a preliminary injunction is not warranted. *See Adams v. Freedom Forge Corp.*, 204 F.3d at 484 (party seeking preliminary injunction must establish both probably success on the merits *and* irreparable harm).

### IV. CONCLUSION

Having review Plaintiff's motion, the Report and Recommendation, Plaintiff's objections thereto, and the balance of the record, the Court HEREBY ORDERS that the Report and

4

Recommendation is ADOPTED. Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order is DENIED.

DATED this 11th day of May, 2016.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE